**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Eva Aline Coll,

Petitioner,

v.

Todd Blanche, et al.,

Respondents.

No. CV-26-06071-PHX-DWL

**ORDER**

On September 4, 2026, the Court granted Petitioner's habeas corpus petition (per Respondents' concession) and directed that Petitioner be provided a bond redetermination hearing within seven days or released from custody under the same conditions that existed before her detention. (Doc. 8.) On September 10, 2026, Petitioner filed an "Emergency Notice of Respondents' Non-Compliance and Request for Immediate Enforcement" indicating that although a bond hearing was scheduled for September 8, 2026, the Immigration Judge ("IJ") did not conduct a bond redetermination hearing or make an individualized custody determination due to perceived lack of jurisdiction. (Doc. 10.) In response, Respondents acknowledge that the IJ refused to hold the bond hearing on September 8, explain that this was because "neither the government nor Petitioner ever provided the immigration judge with a copy of the Court's order," and state that they "do not oppose an order directing that a new bond hearing be held. If the Court does not believe that such an order is appropriate, the proper remedy would be release." (Doc. 12.)

The September 4, 2026 order gave Respondents two options: by September 11, 2026, either (1) provide Petitioner with a bond hearing; or (2) release Petitioner. Because the first option has not been satisfied, it follows that Petitioner is now entitled to release.

**IT IS ORDERED** that Petitioner's Emergency Notice of Respondents' Non-Compliance and Request for Immediate Enforcement (Doc. 10) is **granted**. Respondents must immediately release Petitioner from custody under the same conditions that existed before Petitioner's detention.

**IT IS FURTHER ORDERED** that Respondents must provide a notice of compliance within three days of releasing Petitioner.

Dated this 11th day of September, 2026.

Dominic W. Lanza
United States District Judge